IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 26-cv-01031-CYC

JOSUE ISAI PEREZ RUIZ,

     Petitioner,

v.

JUAN BALTAZAR, Warden, Aurora ICE Processing Center;
GEORGE VALDEZ, Director, ICE Denver Field Office;
TODD M. LYONS, Acting Director, Immigration and Customs Enforcement;
MARKWAYNE MULLIN,[1] Secretary of the Department of Homeland Security; and
TODD BLANCHE,[2] Acting Attorney General of the United States,
all in their official capacities,

     Respondents.

---

**ORDER**

---

**Cyrus Y. Chung, United States Magistrate Judge.**

Petitioner Josue Isai Perez Ruiz, a detainee at the GEO Contract Detention Facility in Aurora, Colorado, seeks to enforce the Court's April 14, 2026 Order that ordered the respondents to "provide the petitioner with a bond hearing under 8 U.S.C. § 1226(a)," ECF No. 11 at 5, because the Court found that "his continued detention without a bond hearing [was] a violation of due process," *id*. at 4. ECF No. 14. He argues that the respondents did not comply with the Order because the bond hearing he was provided was did not comply with due process. *Id.* at 6–10. For the reasons that follow, the Court grants the motion in part and orders the respondents to provide the petitioner with a second bond hearing at which the

---

[1] Markwayne Mullin has become the Secretary of the United States Department of Homeland Security and is substituted for former Secretary of the Department of Homeland Krisi Noem as Defendant in this case. *See* Fed. R. Civ. P. 25(d)

[2] Todd Blanche has become the Acting Attorney General of the United States and is substituted for former Attorney General Pamela Bondi as Defendant in this case. *See* Fed. R. Civ. P. 25(d).

government will bear the burden of proof.

## ANALYSIS

A district court may grant a writ of habeas corpus to any person who demonstrates he is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. This includes "[c]hallenges to immigration detention." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004). The individual in custody bears the burden of proving that their detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941). The petitioner met that burden and the Court ordered the respondents to provide him with a bond hearing. ECF No. 11 at 5. The Court's clear intent was to provide the petitioner with the due process he had been denied. *See id.* at 4.

The petitioner seeks relief from this Court again because the immigration judge who held the ordered bond hearing on April 21, 2026 misplaced the burden of proof at the bond hearing. ECF No. 14 at 10–13. As such, the petitioner asks this Court to order that he be released or grant relief that is otherwise just and proper. *Id.* at 16. The respondents do not dispute the petitioner's allegations regarding the bond hearing's outcome. Instead, they argue that they have complied with this Court's order, that the Court lacks jurisdiction, and that the petitioner has not exhausted his administrative remedies. ECF No. 19.

The Court first considers its jurisdiction. The Court previously found that it had jurisdiction over the petition. ECF No. 11 at 3. The petitioner was denied bond and, therefore, remains in custody today. The petitioner does not ask the Court to conduct a bond hearing, weigh the evidence, or step into the shoes of the immigration judge. Instead, he asks the Court to consider whether the bond hearing complied with due process. The Court maintains jurisdiction to consider a constitutional challenge to a bond hearing. *Demore v. Kim*, 538 U.S. 510, 517 (2003) ("Section 1226(e) contains no explicit provision barring habeas review, and we think that

its clear text does not bar respondent's constitutional challenge to the legislation authorizing his detention without bail."); *Cervantes Arredondo v. Baltazar*, 25-cv-03040-RBJ, Order, ECF No. 26 at 4–7 (D. Colo. Dec. 18, 2025) (finding the court retained jurisdiction to enforce its prior orders granting habeas relief and administrative exhaustion was not required prior to raising issues in the habeas proceeding); *Mieles-Parraga v. Garcia*, No. 2:26-cv-00646-KG-JHR, 2026 WL 1121987, at *2 (D.N.M. Apr. 24, 2026); *Villagomez v. Noem*, No. 1:26-cv-00089-SEB-KMB, 2026 WL 939631, at *2 (S.D. Ind. Apr. 7, 2026) ("Because [the petitioner] has raised a due process challenge, we hold that § 1226(e) does not bar our consideration of his motion to enforce."); *see also Batz Barreno v. Baltasar*, 816 F. Supp. 3d 1255, 1258 (D. Colo. 2026) (finding that the court continued to have jurisdiction to hear petitioner's challenge to continued custody). As Judge Jackson noted in *Cervantes Arredondo*, "the Court directed respondents to file a status report following the bond hearing identifying whether bond was granted and, if denied, the reasons for denial. [ ] The Court would not have imposed this reporting requirement if it lacked authority to address noncompliance with its mandate." *Cervantes Arredondo*, 25-cv-03040-RBJ, Order, ECF No. 26 at 5; *Lopez v. Paulk*, --- F. Supp. 3d ----, 2026 WL 961948, at *3 (M.D. Ga. Apr. 6, 2026) (finding that the court had jurisdiction to consider constitutionality of bond hearing procedures); *see also Shillitani v. United States*, 384 U.S. 364, 370 (1966) ("[C]ourts have inherent power to enforce compliance with their lawful orders."). Here, the Court granted the petitioner a bond hearing because his continued detention without a bond hearing was a violation of his due process rights. The Court therefore continues to have jurisdiction to consider whether the bond hearing he was afforded complied with due process.

The respondents' argument that the bond hearing provided the required due process fails. It is undisputed that the immigration judge placed the burden of proof on the petitioner. ECF No. 14-1 at 6–7. The question of who should bear the burden of proof and what that burden must be

3

was not addressed in the Court's April 14, 2026 Order. *See* ECF No. 11 at 5. However, since then, the Court has thoroughly analyzed these questions in *Kuzmic v. Baltasar*, No. 26-cv-00577-CYC, 2026 WL 1291853, at *2–5 (D. Colo. May 12, 2026). The Court incorporates its analysis in *Kuzmic* here and concludes that because the burden of proof was placed on the petitioner, the bond hearing did not provide him the required due process. Instead, to comply with due process, at a § 1226(a) bond hearing the government must bear the burden of proving that the petitioner is a flight risk by a preponderance of the evidence or a danger by clear and convincing evidence. *Id*. at *1–2, 6. In short, the bond hearing before the immigration judge did not comport with the minimal requirements of due process because the immigration judge placed the burden of proof on the petitioner. "To address the due process violation resulting from the Section 1226 bond hearing that improperly required Petitioner to prove entitlement to release, a bond hearing in which the government" bears the burden of proof is required. *Gill v. Mullin*, No. 4:26-cv-00523, 2026 WL 1215055, at *5 (N. D. Ohio May 4, 2026); *Lopez*, 2026 WL 961948, at *4, 6 (finding that bond hearing did not comport with due process because the burden of proof was improperly placed on the petitioner and ordering second bond hearing).

Finally, the respondents argue that the petitioner has not exhausted his administrative remedies. ECF No. 19 at 9–10. Exhaustion, however, is not jurisdictional. *See McCarthy v. Madigan*, 503 U.S. 140, 146 (1992). With regard to immigration laws, exhaustion of remedies is statutorily required only for appeals of final orders of removal. *See* 8 U.S.C. § 1252(d)(1). Because Congress has not required exhaustion of administrative remedies in this instance, it is discretionary. Therefore, the Court considers whether this case falls within the "'broad sets of circumstances in which the interests of the individual weigh heavily against requiring administrative exhaustion': 1) where requiring resort to an administrative remedy may cause undue prejudice to the assertion of a subsequent court action, as where the time period required

for administrative action is unreasonable or indefinite; 2) where the administrative remedy is inadequate because of doubt as to whether the agency is empowered to grant relief; and 3) where the administrative remedy is inadequate because the administrative body is biased or has otherwise predetermined the issue before it." *Hoang v. Comfort*, 282 F.3d 1247, 1254 (10th Cir. 2002) (quoting *McCarthy*, 503 U.S. at 146–149), *abrogated on other grounds by Demore*, 538 U.S. at 510. Here, as in *Hoang*, because the petitioner brings a constitutional challenge regarding the process provided, the Court declines to deny the motion on exhaustion grounds. *See id.* at 1254 (finding that a constitutional challenge did "not implicate the discretion or the expertise of the" Board of Immigration Appeals ("BIA") and the BIA "does not have the power to reach constitutional arguments, and thus is not empowered to grant effective relief"); *Lopez*, 2026 WL 961948, at *4 (concluding exhaustion was not required because the petition raised a question of constitutional interpretation regarding the burden of proof in bond hearings and the BIA cannot review constitutional challenges) (collecting cases); *see also Alvarado Lopez v. Dillman*, No. 1:25-cv-2456 (LMB/LRV), 2026 WL 688958, at *6 (E.D. Va. Mar. 11, 2026) ("Here, the federal respondents have not advanced any compelling argument for the proposition that [the petitioner] should be required to appeal to the BIA before seeking relief in this Court, and the Court will not require [the petitioner] to sit in an ICE detention facility for months on end while she awaits a BIA decision." (quotation marks omitted)). Accordingly, the Court appropriately considers whether the process afforded by the April 21, 2026 bond hearing complied with due process.

There is a final matter. The petitioner seeks either immediate release or any relief that this Court considers just and proper. ECF No. 14 at 16. At this juncture, the Court deems that a second bond hearing is the just and proper outcome.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Petitioner's Motion to Enforce Judgment, ECF No. 14, is **GRANTED in part**.

It is further ORDERED that

(1) the respondents shall provide the petitioner with a second bond hearing under 8 U.S.C. § 1226(a), with the government bearing the burden of proving that the petitioner is a flight risk by a preponderance of the evidence or a danger by clear and convincing evidence, within **seven days** of this Order; and

(2) the respondents shall file a status report within **seven days** of the petitioner's bond hearing, stating whether he has been granted bond, and, if his request for bond was denied, the reasons for that denial.

Entered and dated this 29th day of May, 2026, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge